## No. 1441.—SUCCESSION OF MRS. L. WADE.

| 21 | 343 |
|----|-----|
| 51 | 63 |

In a contest between the heirs of their deceased mother and the surviving husband for a partition of the separate estate of the deceased, a declaration made in the act of sale of real property to the deceased mother that the purchase was made by the wife with funds derived from the income and revenue of her separate paraphernal estate is, as between the heirs of the wife and her husband, who signed the act, conclusive against him. 16 An. 270.

Where an unmarried woman enters into an agreement in writing before a notary public for the purchase of real property, and makes a cash payment for a portion of the price, and executes her notes for the balance due at a future date, and she marries before the maturity of the notes, and the title is made in accordance with the agreement after the marriage takes place, the property thus acquired will, as between the husband and wife form a part of her separate paraphernal estate.

The husband of his deceased wife is not a competent witness to testify in any suit, *against* the interest of her succession, to any fact which took place during her life time. Acts of 1867, page 143.

APPEAL from the Second District Court of New Orleans. *Thomas*, J, *Roselius & Philips*, for appellants, *J. B. Cotton*, for appellee.

HOWELL, J.   One of the forced heirs of the deceased instituted this suit against her coheirs and the surviving husband for a partition of the property belonging to the succession, and the question to be determined on this appeal taken by the said husband is whether or not certain real estate standing in the name of the deceased is separate paraphernal or community property.

In the act of sale, dated January 26, 1856, of the large property at the corner of Jackson and Magazine streets, it is stated that the purchase was made by the wife with "funds derived from the income and revenue of her separate paraphernal estate," which declaration, as between the heirs of the wife and her husband, who signed the act, must be considered conclusive against him.   16 A. 271.

In the other acts of sale the purchases are made in the name of the wife without any such declaration, and as a community existed between the spouses, the property thus acquired fell into the community, unless it is clearly shown to have been bought with the separate funds of the wife, which she alone administered independently of her husband, or which never came under his administration.   C. C. 2363, 2371, 2373, 2374, 2375; 17 L. 299.

The inquiry is, whether the evidence is sufficient to show that the funds used in making these purchases belonged to and were administered by the wife separately and alone.

The deceased was married to the appellant, H. F. Wade, in June, 1836, at which time she was keeping a profitable boarding house, and owned the furniture therein; four or five slaves, a tract of land in the parish of Terrebonne, and had by notarial act contracted for the property No. 55 Tchoupitoulas street, occupied as the boarding house, as follows:

On the sixteenth September, 1835, Thomas Banks, by act before a notary, acknowledging the receipt of $7000 cash from Mrs. Terrill (the deceased) and her two notes for $5500 each, due at twelve and eighteen months from said date, as the full consideration for the property, bound himself to make an absolute sale and transfer of the said property (No. 55 Tchoupitoulas street), as soon as the said two notes were paid, in the mean time giving her the control, rents, etc., of the premises. On the twenty-fourth March, 1837, about nine months after the marriage, the contemplated act of sale was executed, in which it is stated that, "for and in consideration of the sum of eighteen thousand dollars to him in hand, well and truly paid by Mrs. Lucretia Martin, of lawful age and wife of Henry F. Wade, also of this city, the receipt of which is hereby acknowledged," the vendor sells and transfers said property "to the said Mrs. Wade, herein duly assisted and authorized by her said husband."

In the case of Lawson v. Ripley, 17 L. 251, similar in some respects to the case at bar, it was held that an agreement entered into between a deceased husband and his vendor prior to marriage, for the purchase of a plantation, on terms specified in the act signed by both parties, was a complete sale before the marriage, and the land was declared to

be the separate property of the husband, with the announcement that if any portion of the price was paid with the funds of the community after the marriage it would be a charge against the husband in favor of the community.

In this case, the act of sixteenth September, 1835 (before the marriage), was something more than a mere promise to sell at a future date. It was in the form required for the sale of immovable property; it declared that the full consideration for the property was given, to wit: $7000 paid in cash and two notes of $5500 each, due at twelve and eighteen months, furnished, the receipt of all which was acknowledged, and that the premises were subject to the control of the party paying; and the rents, etc., arising therefrom belonged to her. As between the parties the sale was complete. There was an agreement as to the thing and the price, and there was a virtual delivery. It is not shown that the notes or any part of them were paid with community funds, while the evidence satisfies us that Mrs. Wade had separate means with which she could have paid. What may have been the effect of the act as to the creditors of the contracting parties it is unnecessary to inquire.

We conclude therefore that the property described as No. 55 Tchoupitoulas street was not *acquired* during the community, but was at the date of marriage as to the surviving spouse the property of the deceased, and consequently does not come within the operation of the doctrine invoked by the counsel of the husband, if correct as stated, that "there can be no acquisition of paraphernal property by the wife by an onerous title unless it be stated in the contract itself that the purchase is made by the wife, acting for herself, with the authorization of her husband for the purpose of investing or reinvesting her paraphernal funds."

The other pieces of property in controversy are in a different situation. They were acquired after the marriage, and the evidence does not make it clear that the wife retained the exclusive administration of her paraphernal property or its revenues, or that she used her paraphernal funds in making the purchases.

Article 2362 says: "The paraphernal property which is not administered by the wife separately and alone is considered to be under the management of the husband." And article 2363 says: "When the paraphernal property is administered by the husband, or by him and the wife indifferently, the fruits of this property, whether natural, civil or the result of labor, belong to the conjugal partnership if there exists a community of gains."

In the most favorable view for the petitioner it can only be said that the whole property was administered by the husband and wife indifferently. The witnesses who speak to this point, not including Mr. Wade, do not make it certain that Mrs. Wade administered *separately*

*and alone.* But there is in the record a judicial admission on the part of Mrs. Wade as to what she considered to be her separate property in November, 1847, at which date some of the purchases in question had been made. She then instituted suit against her husband for a separation of property, and in her petition only claimed judgment for the *No.* 55 *Tchoupitoulas street property,* the furniture and four slaves, as her separate property, and for $26,000, money brought in marriage, to be paid with preference out of *the property belonging to her husband.* The judgment rendered on this petition was never perfected by execution, and we refer to the proceeding only to show Mrs. Wade's opinion, at the time, of her paraphernal rights. Of the property, which we are now considering as bought in her name, only one piece was purchased since that date, to wit: the property purchased from F. A. Conant on twenty-seventh October, 1855, and there is no satisfactory proof that she was then administering any paraphernal property separately, or that she used her paraphernal funds in paying the price.

The result at which we arrive is, that the property designated as No. 55 Tchoupitoulas street, and acquired by the act of sixteenth September, 1835, before Jules Mossy, notary public, and act of twenty-fourth March, 1837, before William Christy, notary public, and the property at the corner of Magazine and Jackson streets, acquired by act o twenty-sixth January 1856, before William L. Poole, notary public, are the separate property of Mrs. Lucretia Wade, deceased wife of Henry F. Wade, and that all other immovable property described in the petition herein for a partition, whether standing in the name of Mrs. Lucretia Wade or her husband, Henry F. Wade, belongs to the community which existed between them.

The testimony of Wade, the husband, was properly excluded under the statute thirteenth March, 1867, p. 143, which was in force at the date of the trial below, and which provided that "no interested person shall testify in any suit *against the interest* of the succession of a decedent in relation to any fact which took place in the life time of such decedent."

It was certainly against the interest of the succession of Mrs. Wade that the property should be shown to be community and not paraphernal property, and he was called on to testify to facts which took place in her lifetime tending to show that the property belonged to the community.

No other questions have been urged before us, and we have only to amend the judgment, from which the husband appealed, in accordance with the foregoing views.

It is therefore ordered that the judgment appealed from be amended to read as follows:

It is decreed that the property designated as No. 55 Tchoupitoulas street, in New Orleans, or lot No. 12 on a plan of Bourgeral, deputy

surveyor general, twenty-sixth March, 1832, and acquired by the deceased, Mrs. Lucretia Wade, by and described in the acts of sixteenth September, 1835, before Jules Mossy, notary public, and of twenty-fourth March, 1837, before William Christy, notary public, and the property at the corner of Magazine and Jackson streets, New Orleans, and acquired by said Mrs. Wade, deceased, by and described in the act of twenty-sixth January, 1856, before William L. Poole, notary public, be declared the separate paraphernal property of the said Mrs. Wade, deceased. That all the other property described in plaintiff's petition herein for partition, whether the titles thereof be in the name of the said Mrs. Lucretia Wade, deceased, or her husband, Henry F. Wade, be declared to be community property, belonging the one-half to said Henry F. Wade and the other half to the succession of the deceased; and that as thus amended the judgment be affirmed. The succession to pay costs of appeal.

Rehearing refused.